IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| William Eugene Sargent, R-61116, | ) |
| Petitioner, | ) Case No: 18 CV 06597 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Jacqueline Lashbrook, Warden, | ) |
| Respondent. | ) |

## ORDER

For the following reasons, petitioner's 28 U.S.C. § 2254 petition [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On September 28, 2018, petitioner William Eugene Sargent filed a 28 U.S.C. § 2254 petition challenging his state court judgment of conviction. *See* [1]. Following a transfer of the case to the Northern District of Illinois, Western Division, respondent filed a motion to dismiss petitioner's petition on December 20, 2018 [14]. Petitioner filed a response to respondent's motion to dismiss on February 4, 2019 [17]. The court now addresses the petition as briefed.

**Procedural History**

Following a jury trial in the Circuit Court of DeKalb County where petitioner was found guilty of four counts of predatory criminal sexual assault and two counts of aggravated criminal sexual abuse, the state court sentenced petitioner to natural life imprisonment as to the predatory criminal sexual assault convictions, consecutive to seven years as to the aggravated criminal sexual assault convictions. On direct appeal, the Illinois Appellate Court modified the sentences to run concurrently but otherwise affirmed. On November 18, 2010, the Illinois Supreme Court affirmed one count of criminal sexual assault and one count of predatory criminal sexual assault, reversed the remaining convictions, and affirmed the life sentence. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

Petitioner filed a motion in the state circuit court for post-conviction relief on August 24, 2011. The trial court denied petitioner's post-conviction on December 9, 2014. Petitioner appealed, and the Illinois Appellate Court affirmed the trial court on September 23, 2016. On January 25, 2017, the Illinois Supreme Court denied petitioner's petition for leave to appeal, and on June 2, 2017, denied petitioner's motion for leave to file a (late) motion for reconsideration.

On September 11, 2017, petitioner filed a petition of mandamus in the state circuit court. And on September 18, 2017, petitioner filed a state habeas corpus petition.

On September 28, 2018, petitioner filed the present habeas corpus petition under 28 U.S.C. § 2254. Petitioner argues, among other things, his right to cross examination was violated, he was denied effective assistance of counsel, and he was denied the right to a fair trial.

**Analysis**

28 U.S.C. § 2254 limits a federal district court's ability to grant habeas relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . ." 28 U.S.C. § 2254 (d)(1)-(2). The time to file a federal habeas corpus motion is governed by 28 U.S.C. § 2244. Under that section, "[a] 1-year… limitations period shall run from…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, the statute also allows for the filing of post-conviction relief and stays the period of limitations accordingly. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations." § 2244(d)(2).

Here, petitioner's conviction became final on February 16, 2011, ninety days after the Illinois Supreme Court affirmed the judgment (on November 18, 2010) ("…the expiration of the time for seeking…review." §2244(d)(1)(A)). However, petitioner filed a post-conviction petition on August 24, 2011. Therefore, the statute of limitations period tolled during the pendency of petitioner's post-conviction petition, minus the 189 untolled days between final judgment and the filing of the petition. Petitioner's post-conviction petition concluded on January 25, 2017, when the Illinois Supreme Court denied his petition for leave to appeal.[1] To meet the one-year statute of limitations deadline (365 days), petitioner then had an additional 176 days – until July 20, 2017 – to file his federal habeas corpus petition. Petitioner did not file his petition until September 28, 2018.

In his response brief, petitioner argues but for the state circuit court clerk error in failing to assign his state court habeas corpus petition a civil case number, his "exhaustion time would have been stopped." This argument, even if true, carries no weigh since petitioner attempted to file his state court habeas petition in September of 2017 – two months after the limitations time for filing the federal habeas petition had already expired.

Because petitioner filed his petition on September 28, 2018, after the expiration of the limitations period, the court dismisses petitioner's petition as untimely.

---

[1] The Illinois Supreme Court's June 2, 2017 denial of petitioner's motion for leave to file a (late) motion for reconsideration is of no note. "[A] judgment is final when it is entered and…the filing of a petition for rehearing does not alter the effective date of the judgment *unless the court allows the petition for rehearing*." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (emphasis in original).

2

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims, his claims are procedurally defaulted and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 04/18/2019                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)